# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Trudye L. Bonar,

      Plaintiff,                             **Case No. 2:20-cv-4399**

      v.                                 **Judge Michael H. Watson**

Commissioner of Social Security,        **Magistrate Judge Vascura**

      Defendant.

## OPINION AND ORDER

Magistrate Judge Vascura, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court overrule Trudye L. Bonar's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") denial of disability insurance benefits. R&R, ECF No. 16.  Plaintiff objects.  Obj., ECF No. 17.

## I.    STANDARD OF REVIEW

Because the R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to.  Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions.  *Id.*

## II.    ANALYSIS

In her Statement of Specific Errors, Plaintiff argued that the Administrative Law Judge ("ALJ") improperly classified Plaintiff's Major Depressive Disorder ("MDD") as non-severe and found it imposed no functional, work-related restrictions. Stmt. Specific Errors 6–11, ECF No. 14.

The R&R concluded that substantial evidence supported the ALJ's determination that Plaintiff's MDD was a non-severe impairment and caused no work-related limitations. R&R 5–10, ECF No. 16. The R&R summarized in a bullet-point list the evidence the ALJ considered in his analysis. *Id.* at 7–8.

On objection, Plaintiff reiterates her argument that the ALJ's non-severe finding was not supported by substantial evidence. Obj. 3, ECF No. 17. Plaintiff contends that the bullet-point list of evidence recited by the R&R "should not be construed as substantial evidence demonstrating a lack of a severe mental health impairment." *Id.* Plaintiff argues briefly why she believes each piece of evidence does not support a finding of non-severe. *Id.* at 3–5.

On *de novo* review, the Court agrees with the R&R. Plaintiff essentially argues the ALJ should have weighed the evidence differently and reached a different conclusion, *see generally*, *id.*, but the ALJ sufficiently explained why he rejected Dr. Johnson's and Dr. Kravitz's opinions and why he concluded Plaintiff's MDD was a non-severe impairment, *see* A.R. at PAGEID # 53–54, ECF No. 11. Further, the ALJ's analysis is supported by substantial evidence, even if the opposite conclusion would also have been supportable. *E.g.*, A.R. at

PAGEID ## 397–404, 458, 480, 493–506, 520, 522, 524, 526, ECF No. 11;

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (stating the court should

defer to an ALJ's analysis if it is supported by substantial evidence "even if there

is substantial evidence in the record that would have supported an opposite

conclusion." (internal quotation marks and citation omitted)).

### III.    CONCLUSION

For the above reasons, Plaintiff's objection is **OVERRULED**, the R&R is

**ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the

Commissioner's decision is **AFFIRMED**.  The Clerk shall enter judgment for

Defendant and terminate this case.

**IT IS SO ORDERED.**


        ___*/s/ Michael H. Watson*___
        **MICHAEL H. WATSON, JUDGE**
        **UNITED STATES DISTRICT COURT**